IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONNIE BARTON,<br>TDCJ NO. 1792342,<br><br>Plaintiff,<br><br>v.<br><br>HOLIDAY UNIT MEDICAL DEPARTMENT,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-12-2647 |

## MEMORANDUM OPINION AND ORDER

Texas prison inmate Ronnie Barton, TDCJ No. 1792342, has filed numerous prisoner civil rights suits in federal courts. At least three of these suits have been dismissed as frivolous. Barton v. Dietician, No. H-12-1069 (S.D. Tex. July 26, 2012); Barton v. Jail Medical Department, No. H-12-1674 (S.D. Tex. June 27, 2012); Barton v. Harris County Jail, No. H-11-2513 (S.D. Tex. July 8, 2011). Consequently, Barton is now barred from filing any new prisoner complaints without paying the filing fee in advance unless he is in imminent danger of serious physical harm at the time the suit is filed. 28 U.S.C. § 1915(g).

In the present action Barton asserts that the medical department at the TDCJ Holiday Unit refuses to comply with his requests about the food he is provided at the prison. Barton alleges that he had been prescribed a special diet tray despite his lack of consent. He complains that he has made numerous requests

to the department seeking removal of the diet designation. He contends that the medical department refuses to listen to his complaints and that the personnel are generally non-responsive. However, Barton does not cite any physical ailment or injury related to his diet. Barton filed a similar lawsuit against the dietician at the Harris County Jail. See Barton v. Dietician, No. H-12-1069. The court dismissed the complaint as frivolous after finding that although Barton complained of occasionally being given food items that upset his digestive system, he was also served food that he could eat and that satisfied his nutritional requirements. Id. (Docket Entry No. 7). The court concluded that the jail dietician was not deliberately indifferent to Barton's basic needs because she did provide him a special diet. Id. at 6, citing Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Mendoza v. Lynaugh, 989 F.2d 191, 193-95 (5th Cir. 1993). Moreover, Barton failed to indicate any lasting effects from the occasional food that did not suit him. Id. at 7.

Like the pleadings filed in No. H-12-1069, Barton's pending complaint fails to show that he is in any immediate danger of serious physical harm. Therefore, this action will be dismissed because Barton's allegations do not warrant an exception to the three strikes rule of section 1915(g). Choyce v. Dominguez, 160 F.3d 1068, 1071 (5th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998).

## Conclusion and Order

The court **ORDERS** the following:

1. The prisoner civil rights complaint (Docket Entry No. 1), filed by Ronnie Barton, TDCJ No. 1792342, is **DISMISSED without prejudice** to refiling after payment of the filing fees. 28 U.S.C. § 1915(g).

2. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; the TDCJ-ID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax Number 936-437-4793; and the Pro Se Clerk for the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 16th day of October, 2012.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE